07-20654

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-20654
Summary Calendar

KENNETH M MORRIS

Plaintiff - Appellant

V.

EQUIFAX INFORMATION SERVICES LLC

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-423

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff Kenneth M. Morris appeals the district court's judgment, following a jury trial, in favor of defendant Equifax Information Services, LLC. Morris claims that the district court failed to fully and correctly instruct the jury concerning the term "willfully fails," which requires us to vacate the judgment for the defendant on Morris's willful violation claim under the Fair Credit Reporting Act (FCRA). Finding no reversible error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The relevant facts are set forth in our previous decision in this case, Morris v. Equifax Info. Servs., LLC, 457 F.3d 460 (5th Cir. 2006). Therefore, we do not need to repeat them here. It is sufficient to say that Morris claimed in his lawsuit, among other things, that Equifax violated the reinvestigation requirements of the FCRA, 17 U.S.C. § 1681i. Question 4 of the jury charge and the district court's Special Instructions Regarding Question 4 are the subject of this appeal. Question 4 asked whether Equifax willfully failed to comply with the reinvestigation requirements in the FCRA. The jury answer this question in the negative. In the Special Instructions Regarding Question 4, the district court explained the meaning of "willfully fails." Morris's sole argument on appeal is that the district court erred by not including part of his proffered Special Instructions.

We review jury instructions and special interrogatories for abuse of discretion. EEOC v. Manville Sales Corp., 27 F.3d 1089, 1096 (5th Cir. 1994). Where a party argues that the district court erred in refusing to give a proffered jury instruction, that party must show as a threshold matter that the proposed instruction correctly stated the law. Russell v. Plano Bank & Trust, 130 F.3d 715, 719 (5th Cir. 1997). Once that threshold is met, we generally apply a two-part test in considering a challenge to the district court's jury instructions. The party challenging the instructions must first "demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Id. (internal quotation marks omitted). Second, even where a jury instruction was erroneous, "we will not reverse if we determine, based upon the entire record, that the challenged instruction could not have affected the outcome of the case." Id. (internal quotation marks

omitted). In applying this test to determine whether the instruction was erroneous, we accord substantial deference to the decisions of the district court. Id.

As in initial matter, it is unclear whether Morris's proposed additions to the Special Instructions correctly stated the law. But even assuming arguendo that they did, we affirm the judgment of the district court because Morris has not shown that the district court's charge "as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." In Safeco Ins. Co. of Am. v. GEICO, 127 S. Ct. 2201 (2007), the Supreme Court articulated the standards by which a claim for willful violations of the FCRA should be evaluated. The district court's Special Instruction sufficiently explained the Safeco standards to the jury so that it could determine whether Equifax committed a willful violation. Although the Special Instructions could have gone into more detail about the Safeco test, which might have been accomplished by adding something similar to those additions proposed by Morris, "[i]t is only required that the trial court correctly and adequately instruct the jury as to the law to be followed in deciding the issues[;] the court is not compelled to give every correct instruction offered by the parties." Alexander v. Conveyors & Dumpers, Inc., 731 F.2d 1221, 1227 (5th Cir. 1984).

The ultimate test remains whether the instructions that were actually given were adequate, see Pierce v. Ramsey Winch Co., 753 F.2d 416, 425 (5th Cir. 1985), and we believe that in this case the district court's Special Instructions were acceptable. "A party is entitled to reversal for a district court's failure to give a particularly requested instruction only if the jury was misled by the instructions that were actually given. The court is under no obligation to couch

the charge in terms requested by counsel." Id. (internal quotation marks omitted). Because we cannot say that the jury was misled by the instructions, we affirm the judgment of the district court.

AFFIRMED